STATE OF MISSOURI *ex rel.*, MARY ANN FARREN, Appellant. *vs.* THE CITY OF ST. LOUIS AND JOHN H. TERRY, LAND COMMISSIONER, Respondents.

1. *Assessment for local benefits—Valid exercise of taxing power.*—Assessments made for benefits conferred by local improvements are a valid exercise of the taxing power.

PER HOUGH, J.

2. *Eminent domain—Right of owner to full compensation regardless of benefits.*—Hough, Judge, expressed the opinion that where private property is taken for public use, the owner should receive its full value without regard to the benefits supposed to be conferred upon that portion of his property which is not taken.

*Appeal from St. Louis Circuit Court.*

*S. A. Holmes,* for Appellant, cited St. Louis vs. Allen, 53 Mo., 44; Wells vs. City of Weston, 22 Mo., 384.

*Leverett Bell,* for Respondents, cited Uhrig vs. The City, 44 Mo., 458; Newby vs. Platte Co., 25 Mo., 258; Garrett vs. St. Louis, 25 Mo., 505.

HOUGH, Judge, delivered the opinion of the court.

The questions presented for our determination in this case arise out of certain proceedings had under the charter of the city of St. Louis of March 4th, 1870, for the condemnation for public use as an alley, of property belonging to the relator. The relator was allowed the sum of $450 for the strip of land taken, and other contiguous property belonging to her, and lying within the limits made subject to assessment, was charged or assessed with the sum of $664 80/100 for benefits conferred upon it by the opening of said alley, and a judgment was rendered in favor of the city for the difference of $214 80/100, and execution was issued to be levied on the land charged therewith. This case originated before the land commissioner of the city of St. Louis. The proceedings had before him were carried by writ of *certiorari* to the circuit court for review, where the judgment of the land commissioner was affirmed.

This judgment was affirmed at General Term, and the relator brings the case here by appeal. Being on the docket of this court at the time the present constitution went into effect,

it has been retained here for decision notwithstanding the amount involved is less than twenty-five hundred dollars, on account of certain constitutional questions preserved in the record and presented here by the counsel for the appellant.

We deem ourselves restricted to a consideration of those questions only which bring the case within the appellate jurisdiction of this court. The transcript filed here is neither complete nor orderly, and, to partially supply the deficiencies therein, we have had presented before us by the stipulation of counsel a mass of original papers from the files of the land commissioners, the consideration of which in this case, we wish it understood, is not to be drawn into a precedent. The provisions of the charter, under which the condemnation in question was had, required that the jury should first ascertain the actual value of the land proposed to be taken, and for the payment of such sum should assess against the city the amount of benefits to the public generally, not to be more than one-tenth of the whole award, and the balance against the owners of the property benefited by the opening of the alley at least to the middle of the adjoining block. The validity of the mode of proceeding, authorized by this provision, has been several times affirmed by this court, (Garrett vs. City of St. Louis, 25 Mo., 505; Uhrig vs. City of St. Louis, 44 Mo., 458,) and the same question is again brought before us, as we suppose, because of some doubts expressed in the case of the State to the use of Seibert vs. Allen (53 Mo., 44,) as to the correctness of the former decisions of this court to the effect that assessments made for the benefits conferred by local improvements are valid as an exercise of the general taxing power. If such assessments cannot be upheld as an exercise of this power, they are without any constitutional warrant, as the constitution, under which the relator's property was taken, contained no provisions in relation to such assessments. Notwithstanding the individual doubts expressed by the judge who delivered the opinion of the court in the case of Seibert vs. Allen, he was convinced that this method of taxation had been recognized and acted upon too long to be now questioned, and we are not aware of any case in which the

principles laid down by this court in the cases of Newby vs. Platte county, 25 Mo., Walter vs. Warner, ib, and Garrett vs. the City of St. Louis, ib, in reference to the exercise of the right of eminent domain, and the assessment of benefits for local improvements, have ever been departed from.

The most serious objection, which has ever arisen in my own mind to some of the conclusions reached in the foregoing cases, is, that under, and in accordance with them, by a blended exercise of the taxing power and the right of eminent domain, the taxing power may be so used as to impair, if not destroy, some of those rights to which the property owner is entitled under a constitutional exercise of the right of eminent domain. My own opinion is that where private property is taken for public use, the owner should receive its full value without regard to benefits supposed to be conferred upon that portion of his property which is not taken. The case of Walther vs. Warner recognizes the constitutional right of the property owner to certain and adequate compensation, *"an adequate fund and an appropriate legal remedy to enforce its application,"* and any law which fails so to provide is admitted on all sides to be unconstitutional; "and we think" says Judge Leonard, in the foregoing case, "that a judgment against a private corporation, that may or may not be paid, is not sufficient." Now to pay a property owner, whose land is taken, *wholly in benefits* which are mainly conjectural and may never be realized, and payment of which can never be co-erced from any one, is not, in my judgment, providing him with such compensation as is contemplated by the constitution. These questions have, however, received the careful consideration of some of the ablest judges who have ever occupied this bench, and we do not see that any practical good is to result from a re-examination of the foundation on which their judgments rest. Large masses of real property and immense sums of money have changed hands under the rulings referred to, and we will not depart from them now.

The judgment will be affirmed. All the judges concur, except Judge Vories, who is absent.