85 637
102 561
85 637
112 157

## JACKSON COUNTY v. WALDO *et al.*, *Appellants.*

**Taking of Private Property for Public Use :** COMPENSATION.
The judgment of the circuit court, that where commissioners appointed to ascertain the compensation of land taken for a public road, find that the advantages to the owner of the land equal the disadvantages, they should assess no damages, affirmed.

*Henry, C. J., Dissenting.*

**Constitutional Law :** TAKING OF PRIVATE PROPERTY FOR PUBLIC USE : COMPENSATION : PUBLIC ROAD. Private property shall not be taken or damaged for public use without just compensation (Constitution, 1875, article 2, section 21), and until such compensation is ascertained and paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner therein divested. The finding of commissioners that the benefits derived from the location of a public road upon land will equal the value of the land taken, is not an ascertainment of a compensation which can be paid to the owner, or into court for the owner, and the owner cannot be deprived of his land until paid its cash value in money.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

The county court of Jackson county appointed three commissioners to assess the damages to certain lands of defendants over which it was proposed to locate a public

road. The commissioners reported that, in their judgment, the advantages of the road to the land owners were equal to the disadvantages, and that they assessed no damages. Defendants moved to dismiss the cause, which motion was overruled. They then filed their objections to the proceedings, which were overruled, and the court ordered the report of the road commissioner to be received and approved, and the road to be established. The defendants appealed to the circuit court, where their motion to dismiss the cause was overruled.

Upon trial the court instructed the jury that they must consider the advantages, as well as the disadvantages, resulting from the establishment of the road, and if they found the advantages would exceed the disadvantages to the land of defendants, they should find for the county, and assess no damages, and that the burden of proving that the disadvantages exceeded the advantages, rested upon the defendants, and that advantages to be considered were those peculiar to land of defendants over other land in the neighborhood, and that general advantages, such as were common to the neighborhood, were not to be considered.

The court refused to instruct the jury: (1) That they must find for defendants the value of the land actually taken for the road, regardless of any advantage the road, if established, would be to the remaining land, and (2) That in estimating damages of defendants they should find value of land actually taken, and also cost of fencing defendants would be required to construct if road should be opened, and from cost of such fencing they should deduct the advantages (in money) that the road would be to defendants. The jury found a verdict for plaintiff and assessed no damages, and defendants appealed to this court.

*Johnson & Lucas* for appellants.

Compensation to a property owner, whose property is taken or damaged for public use, must be ascertained by a jury. Until such compensation is paid to the owner, or into court for the owner, his property cannot be disturbed, nor his rights therein divested. Const. of 1875, art. 2, sec. 21. The word "paid" implies that money is to pass to the owner. How can advantages be "paid into court?" And yet, if this law is to stand, they must be. Another obstacle arises, from the fact that the owner's proprietary rights are not to be disturbed until he has been paid, so that it is literally impossible to pay him in "advantages" added to his remaining land before his rights are disturbed, because these "advantages" he does not, and cannot, get until the road has been opened for travel. *Jacob v. City of Louisville*, 9 Dana, 114; *Central Ohio Ry. Co. v. Holler*, 7 Ohio, 225; *Carpenter v. Jennings*, 77 Ill. 250.

*Henry M. Withers* and *E. P. Gates* for respondent.

(1) The right of the legislature to provide that damages for property taken for public use may be paid in benefits, has been too long the settled law of this state to be now questioned. *Newby v. Platte County*, 25 Mo. 258; *Garrett v. St. Louis*, 25 Mo. 505; *Uhrig v. City of St. Louis*, 44 Mo. 458; *State v. City of St. Louis*, 52 Mo. 574; *State v. City of St. Louis*, 62 Mo. 245; *City of St. Louis v. Speck*, 67 Mo. 403. (2) The presumption is that the commissioners appointed by the county court were qualified and competent to act. There is nothing to show that they were not. *Anderson v. Township Boone*, 75 Mo. 57. But this is immaterial, as the case was appealed from the county court to the circuit court, where the case was tried anew, as provided by section 6967 of

Revised Statutes of 1879. The new trial being by a jury, who, under proper instructions given by the court, found for the respondent. Moreover, it has been expressly decided that it need not appear that the commissioners were free-holders. "It is presumable in such case that the court followed the statutes." *Sutherland v. Holmes*, 78 Mo. 402.

PER CURIAM.—The judgment of the circuit court is affirmed.

HENRY, C. J., DISSENTING.—I do not concur in the opinion of the majority of the court, for the following reasons: The commissioners appointed to assess damages to the owners of land through which it was proposed to open a county road, determined that Waldo's heirs would derive benefits equal to the value of their land to be taken for the road, and, therefore, refused to allow them any pecuniary compensation. If statutes permitting such a confiscation of private property for public use are in harmony with section twenty-one of our bill of rights, it is difficult to conceive why section sixteen, of the bill of rights of the constitution of 1865, was not retained in the constitution of 1875. Section sixteen, of the constitution of 1865, is as follows: "That no private property ought to be taken or applied to public use without just compensation." Section twenty-one, of the present constititution, reads as follows: "That private property shall not be taken or damaged for public use, without just compensation."

Such compensation shall be ascertained by a jury, or board of commissioners, of not less than three free-holders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner therein divested. The fee of the land taken for railroad tracks, without the

consent of the owner, shall remain in such owner, subject to the use for which it was taken. The decision in *Newby v. Platte County*, 25 Mo. 258, under the constitution of 1865, was followed in subsequent cases arising under that constitution, and if the framers of the constitution of 1875 intended, by section twenty-one of the bill of rights, neither more nor less than was contained in section sixteen, of the bill of rights, of the constitution of 1865, why did they not adopt that section, to which a fixed judicial meaning has been given by repeated decisions of this court, authorizing the taking of private property for public use, by compensating the owner, not in money, but in such benefits as a jury might determine would result to his other property by the appropriation of a part of it for public use?

Such, it is contended, is just what is meant by section twenty-one of our present bill of rights. By that section the compensation is not to be ascertained, but paid "before the property can be disturbed, or the proprietary rights of the owner therein divested." How the benefits, which a jury or commission may ascertain, will result to the owner from the appropriation of his property to public use, "can be paid to the owner, or into court for the owner," before the road is completed for which it is taken, is beyond my comprehension, if such conjectural benefits are the compensation, or any part of the compensation, which the constitution imperatively requires shall be paid to the owner before his property is disturbed. That benefits to other land of the owner may be set off against disadvantages to such other land, I can understand, and that this is allowable may be conceded, but as to the actual value of the land taken, the owner cannot be deprived of it until paid its cash value, not in conjectural benefits, but in money. In this opinion Judge Sherwood concurs.