DAUGHERTY *et al.*, *Appellants*, v. BROWN *et al.*

1. **Road, Establishment of:** NOTICE OF APPLICATION: STATUTE. The notice required by Revised Statutes, section 6936, of the intended application to the county court for the establishment of a new road, need not be signed by any one.

2. **County Court**: ROAD: JURISDICTIONAL FACTS. The jurisdiction of a county court, to open and establish a new road, is predicated upon the fact that a notice has been given, as required by Revised Statutes, section 6936, and the presentation of a petition in conformity with such notice, as provided by Revised Statutes, section 6935, and unless these things appear on the face of the proceedings of the court, its judgment is *coram non judice.*

3. —— : —— : ——. The jurisdictional facts held to sufficiently appear in the record of the proceedings of the county court in this case.

4. **Constitution**: PROPERTY TAKEN FOR PUBLIC USE : DAMAGES. The rule that, damages for property taken for public use may be compensated or paid in benefits peculiar to the property not taken, but not in such benefits as are common to the public at large, has not been changed by the constitution of 1875.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*W. W. Fry* for appellants.

(1) The court did not acquire jurisdiction in the original proceedings in the county court, because of the want of a notice of the intended application. The notice was not signed by any one, nor did it purport to have been given by authority. R. S. sec. 6936. A notice, required by the statute to be in writing, is insufficient when it is not signed. *Eaton v. Supervisors*, 42 Wis. 317; *Towner v. Remic*, 19 Mo. App. 205; *Schulenberg v.*

Daugherty v. Brown.

*Bascom*, 38 Mo. 189 ; *Whitely v. Platte County*, 73 Mo. 30 ; *Fravert v. Finfrock*, 1 N. E. Rep. 875. "A notice, in the name of nobody, is no notice." *Rogers v. Hoskins*, 14 Ga. 166 ; *Larrabee v. Morrison*, 15 Minn. 196 ; *Pearson v. Lovejoy*, 53 Barb. [N. Y.] 407. (2) In this class of proceedings, *in invitum*, to appropriate private property to public use, it must affirmatively appear, from the face of the proceedings, that every pre-requisite of the statute has been fully complied with. It does not appear, from the notice, petition or record, in what state, county or municipal township, the proposed road was to be located. Nor does it appear that the petition was signed by "twelve householders" of the municipal township through which the proposed road was to run. The petitioners are mentioned as "householders of Cuivre township," but, it nowhere appears that the road runs through Cuivre or any other municipal township. It does not appear when, nor where, the notice was put up, if at all. The record should show the notice was put up twenty days before court, and in the township through which the road was to run. These facts are jurisdictional, and must affirmatively appear on the face of the record ; otherwise, jurisdiction was not acquired. R. S. secs. 6935, 6936 ; *Whitely v. Platte County*, 73 Mo. 30 ; *Blize v. Castlio*, 8 Mo. App. 290 ; *Carpenter v. Grisham*, 59 Mo. 247 ; *State v. Weimer*, 64 Iowa, 243 ; *Alcott v. Atchison*, 49 Iowa, 569 ; *Cunningham v. Railroad*, 61 Mo. 33. (3) The description of route of said road in the notice does not conform with that contained in the petition. The petition calls for the road through the center of section thirty-five, while the description in the notice does not touch the center of section thirty-five. The description should be so exact that the route could be traced from the petition. (4) No just compensation has been paid plaintiff for the land taken. It seems a jury was appointed to "view the premises, hear the testimony offered in the

cause, and assess the damages." It does not appear that this jury was ever sworn, nor does it appear that they viewed the premises. They heard no evidence in the cause. They did not notify plaintiffs or their grantors, Walker, that they intended to view the premises, and no opportunity was given them to "offer testimony in the cause." It does not appear, from the proceedings, that the jury took into consideration the advantages and disadvantages; they simply report "that no persons are entitled to damages." R. S. sec. 6938; *Carpenter v. Grisham*, 59 Mo. 247. There should be a just compensation "paid to the owner" before the property is disturbed. This must be a money consideration. Const. of Mo. sec. 21, art. 2; *Jackson Co. v. Waldo*, 85 Mo. 640 (dissenting opinion). (5) Plaintiff having purchased Walker's land, after the proceedings in the road case terminated, her only, and proper, course was by injunction. *Carpenter v. Grisham*, 59 Mo. 247.

*George Robertson* for respondents.

(1) There is no statute requiring the notice of presenting a petition, for the location of a new road, to be signed. Appellants cannot complain of want of notice, as Mary J. Walker was in court in response to the notice given. The county court judicially found that proper notice had been given. (2) The petition is good, on its face, and the authorities, cited by appellants, are not on the point. (3) So far as the report of the jury is concerned, they did take into consideration the benefits and damages, and off-set one against the other. The statute says, they shall take into consideration the benefits, and it is presumed, in the absence of anything to the contrary, that they did their duty, under the law. "Just compensation," under the constitution, does not mean a money compensation, but the value of the land taken may be set off by advantages to arise, to the owner,

by reason of the proposed improvement. *Springfield v. Schmook*, 68 Mo. 394. (4) The case of *Carpenter v. Grisham*, 59 Mo. 247, is not applicable. In the case cited, there was no assessment of damages; in the case at bar, there was an assessment, and no damages found. (5) Appellant has no cause for complaint. In taking the land, she stepped into the shoes of Mary J. Walker. Mrs. Walker had appeared in the county court and made defence, but if she was aggrieved, in any way, failed to pursue her remedy by appeal, and, consequently, everything is settled, by the orders and the judgment of the county court, and respondents had a right to open the road.

NORTON, C. J.—This is a proceeding by injunction, to restrain and enjoin the defendant, Brown, as road overseer, and the judges of the county court of Audrain county, from opening a road over the land of plaintiff. The grounds alleged for the relief asked are, that the road was never legally established; that no notice of filing a petition to establish the road had been given; that the county court acquired no jurisdiction to establish the road; that the right of way had never been legally acquired over the land, and that no compensation had been received by plaintiffs for the right of way.

I. It is insisted that the notice is insufficient, not because it was not put up in three public places in the township, twenty days before the first day of the regular term of the county court, but because it does not appear to have been signed by any person. While, by section 6935, Revised Statutes, it is made necessary that the petition, when presented, should not only be signed, but that it should be signed only by a certain designated class of persons, no such requirement is made by section 6936, as to notice of the presentation of such petition, and, in the absence thereof, we cannot assume to make a requirement which the legislature omitted. To

sustain defendant's contention, we have been cited to certain cases, of which the case of *Schulenberg v. Bascum*, 38 Mo. 189, is a type, in which it is held that, under the mechanic's lien law, the notice, required to be given by a sub-contractor, must be in writing, and signed by him. There the duty of giving the notice is imposed upon a particular person, or class of persons, and such cases stand upon entirely different grounds from the one under consideration. The notice, in the present instance, contained in it everything which the statute requires, and seems to have been effectual to bring into court Mrs. Walker, plaintiffs' grantor, for the purpose of objecting to the notice, on the ground that it was not signed.

II. The jurisdiction of the county court to establish and open a new road, is predicated upon the fact that a notice has been given, as required by section 6936, and the presentation of a petition, in conformity with said notice, as provided by section 6935; and, unless these things appear on the face of the proceedings of the court, its judgment is *coram non judice*. In this case these jurisdictional facts sufficiently appear in the record of the proceedings had, it being recited in the order of the court as follows: "And it appearing, on the face of the petition, that the signers thereto were twelve householders, in Cuivre township, and that three of them lived immediately on the line of the road sought to be established," etc. On this notice and petition the county court, after reciting in the order the presentation of the petition, and that it had been proved, to the satisfaction of the court, that due legal notice had been given of the intended application, then ordered the commissioner to view and mark out the road petitioned for. The record further shows that the commissioner made his report, which was approved, and, upon such approval, that three disinterested householders were appointed to act and assess damages; that they made a report to the effect that no persons are entitled to dam-

ages, upon which the court made the following order: "And now, the court, having fully considered the foregoing report, find the said road a public utility; wherefore, it is, by the court, ordered that the road be, and the same is hereby, established and located, as set forth in said report, and the court further finds, from the report of the jury appointed to assess damages, that no damages are allowed; therefore, it is adjudged by the court that no one is entitled to damages, on account of said road, and it is further ordered by the court that the road overseer of that district proceed to open said road, as by statute provided."

These proceedings seem to be regular enough, and the case of *Whitely v. Platte County*, 73 Mo. 30, and others like it, to which we have been referred, are not analogous to this, for it did not appear in the *Whitely case* that the required notice had been given.

It is further insisted that, under the constitution of 1875, article 2, section 21, the compensation for land taken for a public use must be in money, and that commissioners, appointed to assess damages for land thus taken, cannot, in estimating damages, take into consideration the peculiar advantages to that which is not, by reason of the use to which that taken is to be devoted, but must assess the money value of that which is taken, without reference to the advantages to that not taken, and that such money value must be paid to the owner, or into court, for him, before his proprietary rights can be disturbed. Previous to the adoption of the constitution of 1875, the rule was firmly established, in this state, by the case of *Newby v. Platte County*, 25 Mo. 258, and has uniformly been adhered to since, that damages for property taken for a public use may be compensated for, or paid in benefits peculiar to that which is not taken, but not in such benefits as are common to the public at large. We are of the opinion that this rule has neither been nullified nor impaired by the section of

the constitution of 1875 referred to, and the only change effected by it, where property is *taken* for public use, is, that, if the commissioners, appointed to assess damages, report that the owner has been damaged by such taking, in a given amount, that such amount, before the owner can be disturbed in his proprietary rights, be either paid to him, or into court, for him. If, however, the commissioners ascertain that the benefits peculiar to the land not taken, is a full equivalent for the land taken, and that the owner is not entitled to any damage, there is nothing to pay, because there is no damage to be compensated for, and it is only where damages are assessed, and the amount ascertained, that the constitution, providing that, before the owner can be disturbed in his proprietary rights, "such compensation must either be paid to the owner, or into court, for him," applies, in so far as *taking* private property, for a public use, is considered. If all the land the owner has is taken for a public use, leaving him none to be benefited by the use to which it is devoted, in such case, the land cannot be compensated for in benefits, but must be compensated for in money. The rule adverted to has been deemed so well established that, in the case of *Jackson County v. Waldo*, 85 Mo. 640, where the correctness of the rule was challenged, the judgment of the circuit court, recognizing its correctness, was affirmed, in a *per curiam* opinion, on the authority of *Newby v. Platte County, supra.*

Judgment affirmed. All concur, except Brace, J., absent.