Lingo v. Burford.

---

LINGO v. BURFORD, *Plaintiff in Error.*

### In Banc, November 14, 1892.

1. **Jurisdiction:** INFERIOR COURT: FINDING OF FACT: COLLATERAL ATTACK. Where the jurisdiction of an inferior court depends upon a fact which it is required to ascertain and settle, its decision thereon is conclusive as against a collateral attack.

2. **County Court:** OPENING ROAD: RECITAL AS TO NOTICE. The recital in the record of a county court in a proceeding to open a public road, "that due notice had been given according to law," is sufficient as against a collateral attack to show that the court had acquired jurisdiction by giving the proper statutory notice.

3. ———: ———: RELINQUISHMENT OF RIGHT OF WAY. A further recital in such record that one of the land-owners, naming him, "failed to relinquish for the reason that he claimed $100," is a sufficient showing of the owner's refusal to give the right of way, and the amount of damages demanded by him. (Revised Statutes, 1889, sec. 7798.)

4. ———: ———: ASSESSMENT OF DAMAGES. It is proper for the jury in assessing damages to a land-owner by the opening of a road through his property to take into consideration the benefits which will accrue to him by such opening, and, if they are great enough to offset the damages, all damages are properly denied him.

| | |
|---|---|
| 112 | 149 |
| 117 | 117 |
| 117 | 150 |
| 117 | 180 |
| 112 | 149 |
| 118 | 328 |
| 118 | 354 |
| 118 | 490 |
| 112 | 149 |
| 122 | 189 |
| 60a | 351 |
| 112 | 149 |
| 128 | 288 |
| 112 | 149 |
| 130 | 301 |
| 112 | 149 |
| 67a | 464 |
| 112 | 149 |
| 133 | 482 |
| 112 | 149 |
| 142 | 505 |
| 112 | 149 |
| 145 | 202 |
| 112 | 149 |
| 169 | 1551 |
| 112 | 149 |
| 172 | 4556 |
| 174 | 1547 |

*Error to Johnson Circuit Court.*

REVERSED AND REMANDED.

*S. P. Sparks* for plaintiff in error.

(1)   The recital on the record of the county court, "that due notice has been given according to law," nothing further appearing, was sufficient upon this collateral attack to show jurisdiction in that tribunal to entertain the petition, so far as notice was involved. *Dougherty v. Brown,* 91 Mo. 26; *Crow v. Meyersieck,* 88 Mo. 411; Elliott on Roads & Streets [Ed. 1890] pp. 218, 219.   (2)   The court had jurisdiction of the subject-matter.   The presentation of the petition, properly signed and giving the requisite notice of its presentation, made a case of the jurisdiction—constituted the jurisdictional facts.   These once existing, a mere departure from a prescribed line of duty by a ministerial officer did not oust this jurisdiction and render the proceeding void and the subject of a collateral attack.   It was a mere erroneous exercise of its jurisdiction to be remedied by appeal or *certiorari* only.   *Sutherland v. Holmes,* 78 Mo. 399; *United States v. Arredondo,* 6 Pet. 691; *Windsor v. McVeigh,* 93 U. S. 278.   The proof that jurisdiction has been improperly exercised does not raise a jurisdictional question. *Trans. Co. v. Sims,* 28 Mo. App. 64.   (3)   The county court having become possessed of jurisdiction of the subject-matter and all the parties, and the proceedings being regular in every respect on their face so far as the plaintiff Lingo was concerned, he had no standing in court to complain of irregularities solely affecting others; that is, there was no equity in his bill, and it should have been dismissed.   (4)   The court erred in rejecting the proceedings had in the county court, set

on foot by Thomas and Lingo, for the purpose of vacating this road, that case having terminated in a final judgment against them, in which they solemnly admitted the establishment of this road and stood on that admission to the final judgment, which was not appealed from, and stood unimpaired. By it they were estopped and debarred from now asserting the non-existence of the road on the ground of alleged irregularity in the assessment of damages. 1 Herman on Estoppel & Res Judicata, secs. 208, 209.

*W. W. Wood* for defendant in error.

(1) The recital in the record of the county court, "that due notice had been given according to law," was insufficient to confer jurisdiction of the cause. *Railroad v. Young*, 96 Mo. 41; *Van Winkle v. Railroad*, 2 Green (N. J.) 162; *Zimmerman v. Snowden*, 88 Mo. 220; *In re Gardner*, 41 Mo. App. 589. When a court has not acquired jurisdiction its judgment is void, and open to collateral attack. And especially is this true in proceedings of this character. The reason of the rule is not founded in the character of the court, but in the nature of the proceedings. *Ells v. Railroad*, 51 Mo. 200; *Cunningham v. Railroad*, 61 Mo. 34; *Zimmerman v. Snowden*, 88 Mo. 218; *Eaton v. St. Charles Co.*, 76 Mo. 493; *Railroad v. Campbell*, 62 Mo. 588; *Adams v. Cowles*, 95 Mo. 507. (2) The failure of the commissioner to have a conference with Lingo, Caldwell, Wantland and Whitaker, and give their names and reasons for not relinquishing the right of way, renders the proceedings for condemnation absolutely void. *Railroad v. Young*, 96 Mo. 43. (3) There was no error in refusing to admit in evidence the proceedings upon the application to vacate the road. (4) Benefits and advantages can only be set off against the value of

the land taken where it is expressly authorized as an exercise of the taxing power, and the statute under which this proceeding originated makes no provision for the assessment of benefits against the land-owner. Revised Statutes, 1889, sec. 7799; *Newby v. Platte Co.*, 25 Mo. 258; *Garrett v. St. Louis*, 25 Mo. 505; *State v. St. Louis*, 62 Mo. 244; *Seibert v. Allen*, 53 Mo. 44. While the rule seems now to be established, that the legislature may by express enactment authorize the assessments of benefits against the value of the land, yet even that proposition has rarely been determined, except by a divided court, and we submit that this court should not go a step further. See the following opinions upon consideration of that question. *Newby v. Platte Co.*, 25 Mo. 258; *Neenan v. Smith*, 50 Mo. 530; *Seibert v. Allen*, 53 Mo. 44; *State v. St. Louis*, 62 Mo. 244; *Jackson Co. v. Waldo*, 85 Mo. 637; *Garrett v. St. Louis*, 25 Mo. 505.

GANTT, J.—This is a proceeding by injunction, commenced in the circuit court of Johnson county, by which the plaintiff sought to restrain the defendant Burford, as road overseer, from opening a public road over and through lands of the plaintiff, under an order of the county court.

The material averments of the petition are that "no legal notice was ever given of the presentation of a petition for such an order; that the county commissioner did not survey, view or mark out a roadway over said land or take relinquishments of right of way for same, or ask for such relinquishments, or make any report of his action as the law requires, and that plaintiff has never, in fact, relinquished the right of way for a road over said land; that there has never been any assessment of damages to be done the land of the plaintiff by the establishment of said road; that the

pretended order of record establishing said road is void upon its face for want of jurisdiction to make the same."

The plaintiff to sustain his case introduced the record of the proceedings in the county court.

The petition on its face alleged that the petitioners were freeholders of Chilhowie and Post Oak townships, through which said proposed road ran; that it was signed by at least twelve freeholders of said township and it specified the proposed beginning, course and termination with not less than two points named on the direction. Revised Statutes, 1889, sec. 7796. It was presented and publicly read at the regular August term of the county court, 1887.

The record made by the county court at that term is as follows: "Now at this day is presented to the court the petition of A. J. Dunham *et al.*, praying for the establishment of a public road, forty feet in width, in Chilhowie and Post Oak townships, to run as follows: [Here follows a minute description of the route.] And the court having heard said petition publicly read, and it being proven to the satisfaction of the court that it is signed by at least twelve freeholders of Chilhowie and Post Oak townships, three of whom are of the immediate neighborhood of said proposed road, and that due notice has been given according to law, and that said proposed road is of public utility and practicability, it is ordered that the county commissioner proceed to view, survey and mark out said road and report the practicability of said road, together with the distances and situation of the ground, the names of the parties granting the right of way and the estimated cost of building needed bridges at the next regular term of this court."

At the next November term the county road commissioner filed his report, showing the land-owners

who had relinquished the right of way and those who had not. Among those who had failed or refused to relinquish he reported the plaintiff, H. J. Lingo, and that he claimed $100.

Thereupon the county court as required by section 7799, Revised Statutes, 1889, section 8, page 247, of Laws, 1887, by its order of record appointed three disinterested freeholders to act as a jury, view the premises and assess the damages of those who had failed or refused to relinquish the right of way. At the next February term the commissioners thus appointed made their report, in which they returned that they had viewed the premises and assessed the damages of each tract of land separately, and the report as to the plaintiff was as follows: "To H. J. Lingo at end northeast northeast, section 26, township 44, and range 26—no damages."

Thereupon the court made the following order: "Now, at this day is taken up the report of the commissioners heretofore appointed to assess the damages resulting to the premises of L. P. Fisher, *H. J. Lingo* and others, by reason of the establishment of a public road petitioned for by A. J. Durham *et al.*, from which the court finds that said commissioners have viewed the premises of the parties aforesaid, and have allowed no damages, and no objections being filed to the verdict of said jury, and it appearing to the court that said proposed road is of sufficient utility to justify opening and improving the same for public travel, it is, therefore, ordered that a public road, forty feet in width, be opened and run as follows," describing the route particularly.

The circuit court granted a perpetual injunction against the road overseer, from which he appeals to this court.

I.  The contention arises as to the jurisdiction of the county court to order the road opened. Plaintiff in error insists that the record recital of the county court "that due notice has been given according to law," nothing further appearing, was sufficient in this collateral proceeding to show jurisdiction in that court, so far as it was essential to show notice, whereas defendant in error maintains that the recital is insufficient.

That the county court was only authorized to entertain the proceeding to condemn plaintiff's land for the road, upon notice given as required by the statute, section 7797, is not to be questioned, but it is a well-settled principle that where the jurisdiction of an inferior court depends upon a fact which said court is required to ascertain and settle by its decision, its decision is conclusive as against a collateral attack. *Jackson v. State to use*, 104 Ind. 516; *In re Grove Street*, 61 Cal. 438; *People v. Hagar*, 52 Cal. 171; *Shawhan v. Loffer*, 24 Iowa, 217; *Porter v. Purdy*, 29 N. Y. 106; Lewis on Eminent Domain, sec. 605; Black on Judgments, sec. 288; Elliott on Roads & Streets, 243; *State ex rel. v. Smith*, 105 Mo. 6.

The county court had original exclusive jurisdiction to hear and determine upon a proper petition and due notice, whether a new public road should be established over the route designated in the petition. The petition stated every fact necessary to give the court jurisdiction of the subject-matter. Twenty days' notice of this application was required. The statute required "proof of notice having been given as required." The county court was the tribunal authorized to hear and determine the sufficiency of the proof. It was not required by law to spread on its record the evidence by which it ascertained that notice had been given. It did find and spread on its record that "notice had been

given according to law." This was a fact *in pais* to be established by evidence, and its power to proceed further in the case depended upon the giving or failure to give this notice. It judicially ascertained it was given, and we think that it is conclusive as against a collateral attack.

In *Daugherty v. Brown*, 91 Mo. 26, a case in all respects similar to this, this court held a recital, that "due legal notice had been given of the intended application," was sufficient and affirmed the judgment of the circuit court refusing to enjoin the overseer from opening the road. The decision in that case is well sustained by authority elsewhere. *Hendrick v. Whittemore*, 105 Mass. 23; *Borden v. State*, 6 Eng. (Ark.) 519; *Delaney v. Gault*, 30 Pa. St. 63.

II. Again it is urged that the failure of the commissioner to have a conference with the plaintiff is fatal. The record is against the plaintiff. It recites that "Lingo failed to relinquish for the reason that he claims $100." This makes a sufficient showing. The statute only required that the commissioner should "take the relinquishments of the right of way of all persons who may give such, and shall state in his report the names of all persons who have failed or refused to give right of way and the amount they demand therefor."

We cannot conceive of any benefit to plaintiff from a further conference. He was reported as refusing to relinquish his right of way. This report secured to him his constitutional right to have his damages assessed to him by a jury. The commissioner could only accept the right of way that was voluntarily given. He could not agree upon a price, and had no fund with which to pay, if he had agreed. The record discloses he did all he was authorized by law to do. Laws, 1887, sec. 7, p. 247; *In re Gardner*, 41 Mo. App. 589.

III.   Again it is said, that the jury erred in assess-
ing the damages by offsetting the benefits to plaintiff
against the value of his land taken for the road.

It does not appear by what method the jury
reached the conclusion that plaintiff was not damaged.
Only by inference can it be said that they must have
concluded that there were special advantages to him,
and, reasoning that his land must have had some value,
offset one against the other.   Granting they did this,
they committed no error in so doing.   This has been
uniformly ruled since the decision in *Newby v. Platte
Co.*, 25 Mo. 258; *Jackson Co. v. Waldo*, 85 Mo. 637;
*Daugherty v. Brown, supra.*

The argument is made that, because the act of
1887 omits the provision found in section 6933 of the
revision of 1879, *requiring* the *jury* to take into consid-
eration *the advantages as well as disadvantages*, in esti-
mating damages, it was the intention of the legislature
to change the rule and require compensation for the
land, unaffected by any benefits that may accrue.

The statute as passed in 1887 requires the jury "to
return under oath the amount of damages to each
tract."   It does not specify how they shall arrive at
that amount.   But the rule had long been adopted by
this court in condemnation proceedings under the
statute permitting the appropriation of land of private
persons for road, railroad and telegraph corporations,
that, in assessing damages of the land-owner, the jury
should consider the quantity and value of land taken,
and the damage if any to the tract of which it forms
a part, by reason of the road running through it, and
from the sum of these deduct the benefits, if any, pecul-
iar to such tract; that is to say, benefits peculiar to the
tract itself, and not shared in common by it and other
lands in the same neighborhood.

This rule was adopted under statutes in which

the jury or commissioners were directed to assess *the damages*, without the qualifying clause, "taking into consideration the *advantages and disadvantages*." General Statutes, 1865, ch. 66, sec. 3, p. 352; *McReynolds v. Railroad*, 110 Mo. 484; *Ragan v. Railroad*, 111 Mo. 456.

We think then that a proper construction of this change in the language of the statute is that the legislature simply intended to establish uniformity in the statutes, and an additional reason may be found in the fact, that the constitution of 1875 had been construed by this court as not nullifying or impairing the rule laid down in *Newby v. Platte Co.*, *supra; Daugherty v. Brown, supra; Jackson Co. v. Waldo, supra.*

It follows that the circuit court erred in granting the injunction, and its judgment is reversed, and the cause is remanded with directions to dissolve the injunction and dismiss the bill.

All except SHERWOOD, C. J., concur in paragraphs 1 and 2. BLACK, MACFARLANE and BRACE, JJ., concur in paragraph 3. BARCLAY and THOMAS, JJ., express no opinion on paragraph 3. SHERWOOD, C. J., dissents *in toto.*

### SEPARATE OPINION.

BARCLAY, J.—We concur in the views of the case given in the first and second paragraphs of brother GANTT's opinion; but, in our judgment, the proposition advanced in the third paragraph is not essential to the conclusion reached.

The effect to be given to the change in 1887 in the statute, touching the assessment of such damages, in view of prior rulings and divisions of opinion on the subject in the supreme court, depends on principles of interpretation of the constitution and statutory law which it seems to us unnecessary to discuss at present.

In the case at bar the jury found there were "no damages." No exception was taken to that finding.

If the court had full jurisdiction in that proceeding its judgment on that finding cannot be reviewed in this collateral action.

Since it was adjudged that no damages were sustained, the question of offsetting benefits or advantages, under the law of 1887, does not arise for consideration in this litigation. In our view it appears preferable to refrain from expressing an opinion upon it until it be actually necessary to some judgment. Judge THOMAS concurs in this.