Belk v. Hamilton.

BELK, *Appellant*, v. HAMILTON.

Division One, November 7, 1895.

1. **Private Road:** WAY OF NECESSITY: CONSTITUTION. A statutory "private road" may be used by the public, and its establishment does not depend upon the constitutional authority for "ways of necessity."

2. ———: PETITION. The form of petition prescribed by statute (R. S. 1889, sec. 8559) to obtain a private road is sufficient against a collateral attack.

3. ———: JURISDICTION: PRESUMPTION. Where enough appears to show that a case falls within a class of proceedings which a court has authority to act upon, and the parties have notice, the humblest court should be held (in a collateral inquiry touching jurisdiction) to have rightly acted, until the contrary appears.

4. ———: ———: ———: COLLATERAL ATTACK. Where it does not affirmatively appear, in a road opening case, that the land is in the township whose board acted in the matter, that fact will be presumed in a collateral attack upon the action of the board.

5. ——: TOWNSHIP BOARD: COLLATERAL ATTACK. Where the record of a township board shows that a private road was duly ordered to be opened, it is immaterial (on a collateral attack) that no formal judgment was entered on the commissioners' report. It is enough if the records of such boards clearly show the purport of their official action.

*Appeal from De Kalb Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

The material parts of the record of proceedings of the township board, referred to in the opinion, are as follows:

The petition of plaintiff, Martha Belk, to the board represented that she owned a certain (described) tract of land; "that no public road passes through or touches said land," and prayed the establishment of a private road twenty feet wide between certain points (a course duly and particularly defined), so as to join a public road mentioned.

It was also stated that the proposed private road would pass over the land of John Dice and Henry Hamilton, the latter the defendant in this case.

The petition was dated, June 18, 1892. To it was annexed a formal notice by plaintiff to both Dice and Hamilton to the effect that the said petition for a private road would be presented to the township board of Adams township, July 5, 1892.

A copy of the petition and notice was served on each of the defendants, June 23, 1892, as appears by affidavit of the party who made such service, according to the finding of the board to that effect in its record.

July 5, 1892, the board entertained the petition, but continued the matter until accrued costs should be paid and a deposit be made by plaintiff to meet any later costs.

September 5, 1892, the board again took up the matter. Plaintiff paid the costs; and the board proceeded as follows (according to the recital of its record):

"The board now takes up the petition which calls for a private road commencing" (then follows a particular description of the road), "terminating in a public road running east and west along the north line of said section number 16; said proposed road to pass over the lands of John Dice and Henry Hamilton.

"Now comes William Belk and makes affidavit that he delivered a true copy of the said petition to John Dice and Henry Hamilton, in the county of De Kalb, and state of Missouri, on the 23rd day of June, 1892.

"The board deems it necessary for the said Martha Belk to have a road. They, therefore, appoint Perry McCully, David Duncan, and J. P. Dean, three disinterested householders, residents of Adams township, as commissioners, to mark out, view, and assess the damages sustained by the said John Dice and Henry Hamilton and report to the township board at the next meeting."

The next record entry is this:

"November 21, 1892.

"STATE OF MISSOURI, ⎱
                     ⎰ Adams Township.
"County of De Kalb. ⎰

"In the matter of a private road ordered to be viewed, marked out, and damages assessed, by the board of Adams township, on the fifth day of September, 1892, Perry McCully, David Duncan, and J. P. Dean, commissioners, appointed to view said road, now each of us do solemnly swear to honestly, faithfully, and impartially, and to the best of our ability, to discharge

our duty under order of the township board of Adams township in regard to the following private road.

"PERRY McCULLY,
"S. D. DUNCAN,
"J. P. DEAN.

"Subscribed and sworn to before me this seventeenth day of November, 1892.

"E. H. BRANT, Twp. Clerk."

Later appears this:

"November 21, 1892.

"We, the above commissioners, after viewing the road petitioned for Martha Belk, as ordered by the board of Adams township, and would report as follows: We would allow Henry Hamilton $12 as damages for his land, and $4 damage for removing wire fence. We would further report that in our opinion, John Dice is damaged to the amount of $12 for his land, said road to begin at the northeast corner of the southeast quarter of the northwest quarter of section 16, township 58, range 30. Thence north on the subdivisional line for the center of the said road one fourth of a mile to the quarter section corner on the north line of the said section number 16, and intersecting a public road running east and west along the north line of section 16, township 58, range 30, said road to be twenty feet in width.

"PERRY McCULLY,
"J. P. DEAN,
"S. D. DUNCAN."

Another entry is as follows:

"February 27, 1893.

"Now comes Martha Belk and pays the damages assessed to Henry Hamilton and John Dice in the matter of a private road recorded on page 174 and 175."

And on the same date:

"The board orders the clerk to notify Henry Hamilton that damages have been paid to the township treas-

urer for his use, also to notify him that he is to open up and vacate said road on or before the 15th day of April, 1893.''

At the same meeting, same date, is the following entry:

"The board now makes and orders Henry Hamilton to remove his wire fence, vacate and open up the private road petitioned for by Martha Belk, and that said order be complied with, on or before April 15, 1893.''

Yet later is this record:

"May 27, 1893. To road overseer of road district number 3, of Adams township, De Kalb county, Missouri, Wm. Johnson. You are hereby ordered to open a road twenty feet in width, as petitioned for by Martha Belk and granted by the township board of Adams township, DeKalb county, Missouri, beginning, course, and ending as follows, viz.:'' (then follows the description) "terminating at a junction and intersecting a public road running east and west along the north line of said section number 16, said road to pass over the lands of John Dice and Henry Hamilton.''

Wm. Johnson, the overseer, opened the road pursuant to the order of the township board.

The other necessary facts appear in the divisional opinion.

*Harwood & Hubbell* for appellant.

(1) It is conceded that the proceedings of inferior tribunals must, on their face, show jurisdiction, but we deny that the jurisdictional facts must appear in any particular portion of the record, it is sufficient if it appears in any portion of the record. *Iba v. Railroad*, 45 Mo. *loc. cit.* 475; *State v. Schneider*, 47 Mo. App. *loc. cit.* 676. (2) "On well settled rules, however, applicatory to the inquiry of determining such jurisdiction,

they must all be taken together in deciding that question, because they all together constitute but one record, and it is sufficient if jurisdiction appears from the entire record." *Sappington v. Lenz*, 53 Mo. App. *loc. cit.* 49, 50. (3) In speaking of a jurisdictional question involved in *Jefferson County v. Cowan*, 54 Mo. *loc. cit.* foot page 237, Judge SHERWOOD uses the following language: "No allegations of this character are found in the petition nor in the record." (4) "Whenever jurisdiction of a court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision, * * * is conclusive and not subject to collateral attack." Freeman on Judgments [3 Ed.], sec. 523; 1 Black on Judgments, sec. 274; *Lingo v. Burford*, 112 Mo. 149. The action of the circuit court dissolving the injunction and dismissing the bill, should be reversed.

*Robert A. Hewitt, Jr.*, for respondent.

(1) This was a proceeding *in invitum*, against common law and common right, which has always been strictly construed. *Colville v. Judy*, 73 Mo. *loc. cit.* 654. (2) The petition must affirmatively allege, and it must be as affirmatively proven, that it is a way of necessity. This is a jurisdictional fact which must appear in the face of the petition, otherwise the tribunal has no jurisdiction to proceed. *Morris v. Salle*, 19 S. W. Rep. (Ky.) 527; *Colville v. Judy, supra;* art. 2, sec. 20, constitution. (3) Township boards, in establishing private roads, have jurisdiction over only such lots or tracts of lands as are situate in their respective townships. R. S. 1889, sec. 8559. (4) Eminent domain is a sovereign power vested in the people for public purposes, *"non strictissimi."* The law empowering tribunals to establish private ways of necessity is *"strictissimi juris."* Everything required to be done, must be done. (5) After

the report of the commissioners there must be an order, or judgment, establishing the road according to the report. R. S. 1889, sec. 8562. (6) The testimony of Bradford, if it shows nothing more, it shows the reckless manner that the township board trampled under foot the constitutional rights of the individual citizen. (7) The record in the case at bar clearly shows the proceedings to be void *ab initio,* the petition being fatally defective. *Colville v. Judy, supra; Morris v. Salle, supra.*

BARCLAY, J.—This suit is for an injunction to restrain defendant from interfering with plaintiff's use of a road which affords access to plaintiff's property. The defendant claims exclusive title to the land on which the road is located, and denies the legality of the proceedings on which plaintiff relies.

The only question submitted upon this appeal is as to the validity of the proceeding to open the road.

The land in dispute lies in De Kalb county. The proceedings were had before the township board, under the township organization law (sec. 8552 and the following sections, R. S. 1889).

The material parts of the record of the board are given in the statement introducing this opinion.

After the road was opened (under order of the board) the defendant obstructed the road and interfered with plaintiff's use of it as a thoroughfare.

To prevent the continuance of such acts, and to restrain further disturbance by defendant of plaintiff's enjoyment of the easement, this suit was begun.

The trial court held that plaintiff was not entitled to the relief asked, and gave judgment for defendant. Plaintiff appealed.

Both parties present here the one question of validity of the steps taken to open the road.

1.  It is argued that the proceedings are void because the petition for the road opening does not say, in so many words, that the road is a way of necessity.

The petition closely follows the terms of the statute (section 8559) prescribing what such a petition shall contain.  In this case the petition declares, among other facts, that no public road passes through or touches plaintiff's land.

The lawgivers probably considered that there was an obvious inference of necessity for a road in such circumstances, or that those allegations, if true, were a sufficient foundation for the exercise of the power of eminent domain.

It is an error to suppose that a private road, as defined by statute, is sanctioned only by the constitutional provision which authorizes private ways of necessity (Const. 1875, art. 2, sec. 20).

A statutory private road may be used by the public as a highway (R. S., secs. 8567 and 7843).  But the cost of opening it does not rest on the public.

The reference in the constitution to private ways of necessity "enlarged the occasions for the invasion of private property for private use by permitting it under circumstances of doubtful, if not denied, right at common law," as was observed in *Humes v. Railroad* (1884), 82 Mo. 221.  But that section of the organic law certainly did not restrict those statutory highways called private roads to "ways of necessity," known to the common law as well as to the jurisprudence of Missouri.  R. S., 1845, ch. 183; R. S., 1879, ch. 70; *Snyder v. Warford* (1848), 11 Mo. 513.

A private road, within the meaning of the statutes authorizing its opening, is subject to public use as a thoroughfare, and compensation to those damaged by it must be paid, under our positive law.  R. S. 1889, sec. 8561, and following sections.  But such a road is

obtainable at the instance and expense of some person or persons especially benefited by it. The form of petition prescribed by the statute to initiate such a proceeding is clearly good against a collateral attack, such as is made against it in this case. *Humboldt Co. v. Dinsmore* (1888), 75 Cal. 604 (17 Pac. Rep. 710).

2.   It is next insisted that it does not appear that the land in question is situated in Adams township in which the township board was authorized to act, and did act.

The plaintiff's petition describes her land accurately, and states its location in the southeast quarter of the northwest quarter of section 16, township 58, range 30, in De Kalb county.

Plaintiff is further described as a householder of Adams township and she asks for the establishment of the road "for the benefit of said Martha Belk in said township." The course of the proposed road is also defined.

We think it is fairly and reasonably inferable from those allegations that plaintiff's land is in Adams township.   But if the petition will not fairly bear that construction, the omission is not fatal, now.

Where enough appears to show that the case falls within a class of proceedings which the court has authority to act upon, and the parties defendant have lawful notice, the humblest court should be held, in a collateral inquiry touching jurisdiction, to have rightly acted (as other public officers are supposed to rightly act) until, at least, the contrary is made to appear. This was ruled at an early day in Missouri, with reference to road cases and other proceedings before local tribunals. And although that rule has not invariably been followed, we yet consider it the correct rule.   It is moreover supported by decisions of the court *in banc*, which received thorough consideration. *Crowley v. Wallace*

(1848), 12 Mo. 143; *Kayser v. Trustees* (1852), 16 Mo.
88; *Butler v. Barr* (1853), 18 Mo. 357; *State v. Weath-
erby* (1869), 45 Mo. 17; *Snoddy v. Pettis Co.* (1870), 45
Mo. 361; *Lingo v. Burford* (1892), 112 Mo. 149 (20 S.
W. Rep. 459); *Union Depot Co. v. Frederick* (1893),
117 Mo. 138 (21 S. W. Rep. 1118).

There are other decisions in recent years to the
same general effect.

The description of the land, with reference to the
government survey, would probably not indicate, to a
reader unacquainted with the locality, that plaintiff's
property is in Adams township of De Kalb county.
Yet it may in fact be within that township, and the
description may be very intelligible to that effect to
citizens of that county. Its location in that township
was a fact which the board must necessarily have found
as a basis for its action in the matter. Under the rul-
ing in the *Lingo* case, already cited, as well as upon
principle, we consider the road judgment safe from
successful attack in this collateral way on account
of the omission, or supposed omission, under discus-
sion.

3. It is also contended that the board gave no
final judgment or order opening the road. The require-
ment of law on this point is that, at the proper stage,
the board should order that the road be established
according to the report, and render judgment against
the petitioner for the damages assessed, etc., as indi-
cated by section 8562.

The orders of the board, on this point, though
somewhat informal, are a sufficient compliance with
the law. The substance of those orders is that the peti-
tioner, having deposited with the township treasurer
the damages awarded to the defendants, the defendant
Hamilton was directed to vacate the road, and the road

overseer was ordered to open the road (describing its course) over the land of both defendants.

No more formal judgment was necessary. R. S. 1889, sec. 2117; *Bowie v. Kansas City* (1873), 51 Mo. 454. The gist of the final decision of the board is seen.

In reviewing collaterally the action for such tribunals, composed of persons not required to be skilled in legal forms, it is enough if their records clearly show the purport of their judicial acts. Such records should receive a fair and reasonable interpretation, and effect be accorded to their manifest meaning. *Satterly v. Winne* (1886), 101 N. Y. 218; *Rutherford v. Wim* (1831), 3 Mo. 14.

4. Defendant has chiefly relied on *Colville v. Judy* (1881), 73 Mo. 651, to sustain the ruling on the circuit.

It is sufficient to say that that decision deals with a direct attack upon a road judgment. The remarks of the court must be taken to refer to that phase of the subject. As the appeal at bar involves a collateral attack on a similar judgment, we consider the *Colville* case is not decisive of the present issue, without pausing to inquire how far its authoritative force may have been limited by later decisions.

5. It results that the judgment should be reversed and the cause remanded with directions to proceed in conformity to the views above given. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.