[No. 1488, May 31, 1913.]

TERRITORY OF NEW MEXICO, Appellant, v. AGOSTINO RICORDATI, Appellee.

### SYLLABUS (BY THE COURT).

1. An election which is general within the meaning of the term "general election," as used in sec. 4138, C. L. 1897, is one that is held throughout the entire state or territory.

P. 14

2. The election of September 6, 1910, was a general election within the meaning of the term "general election," as used in sec. 4138, Comp. Laws of 1897.

P. 14

Appeal from the District Court of Bernalillo County; Herbert F. Raynolds, District Judge; reversed and remanded.

FRANK W. CLANCY, Attorney General, for Appellant.

Judgment sustaining demurrer erroneous. Sec. 4138, C. L. 1897; sec. 1272, C. L. 1897.

Election in September, 1910, was a general election. Secs. 1634, 1640, 1660, 1700, 1702, C. L. 1897; Mackin v. State, 62 Md. 244; Downs v. State, 78 Mo. 128.

Indictment valid. Secs. 1272 and 4138, C. L. 1897.

MARRON & WOOD, for Appellee.

Election was special and not a general election. Sutherland on Stat. Cons., sec. 520, p. 962; Mechem on Public Officers, secs. 173 to 176; chap. 43, C. L. 1865, secs. 2, 3, 4, 5, 33; sec. 1209, C. L. 1884; sec. 1698, C. L. 1897; secs. 1640, 1660, 1702, C. L. 1897; chap. 113, laws of 1889; sec. 1, chap. 22, laws of 1880; sec. 1272, C. L. 1897.

Indictment cannot be sustained.  Sec. 1272, C. L. 1897; sec. 1, chap. 22, laws of 1880; sec. 17, chap. 9, laws of 1891; sec. 18, chap. 9, laws of 1891; Territory ex rel Albuquerque v. Matson, 16 N. M. 135; chap. 9, laws of 1899.

## STATEMENT OF FACTS.

The indictment, in this case, charged that the 6th day of September, was the day of a general election in the Territory of New Mexico, held pursuant to the provisions of an act of Congress authorizing the people of New Mexico to form a constitution and state government; that by the provisions of said Congressional act the Governor of the then Territory of New Mexico, by proclamation, dated June 29, 1910, designated the 6th day of September, 1910, as the day for said general election for delegates to the constitutional convention, which election was duly held on the day designated; that defendant, appellee here, on said general election day, being then and there a liquor dealer and having a place of business as such, did sell, allow to be sold, give away and allow to be given away, intoxicating liquors.

The second count of the indictment charged that upon the same day the defendant did refuse, neglect and omit to close his place of business between the hours provided by statute for the closing of such places of business.

A demurrer to the indictment was interposed raising the question that the indictment did not charge an offense because the day, upon which the alleged illegal opening of the saloon and selling of liquor is charged to have been done, was not a general election day within the meaning of the statute. This demurrer was overruled, but subsequently, by stipulation, of the District Attorney and counsel for appellee, the order overruling the demurrer

was set aside and a pro forma judgment entered sustaining the demurrer, from which judgment the territory appealed to this court.

### OPINION OF THE COURT.

HANNA, J.—The question presented is whether the 6th day of September, 1910, was a general election day within the meaning of the statute under which this indictment was framed. The statute appears in the compiled laws of 1897 as sec. 4138, and is as follows:

"No license shall be issued under the provisions of the act during a period of not less than sixty days prior to any general election, and every liquor dealer shall close his place of business and not sell or allow to be sold, give away or allow to be given away, any intoxicating liquors from his said place of business, from the hour of twelve o'clock, midnight, last before the day of any general election, until the hour of 12 o'clock, midnight, upon such day of election, and shall keep his said place of business closed between said hours, and upon conviction thereof, shall be fined not less than twenty-five, nor more than five hundred dollars, or be imprisoned for not less than twenty days, nor more than one year, in the discretion of the court."

The contention of appellee is that the election of delegates to the convention, which framed New Mexico's constitution, was a special election and was not "the day of any general election" within the meaning of the statute, forbidding sales of intoxicating liquor on those days. It is to be conceded that the legislative intent is controlling. Our attention is called to the first act of the legislature, upon the same subject, approved Feb. 6th, 1880, being section 1 of chap. 22, laws of 1880, and appearing as sec. 1272 of the Compiled Laws of 1897, said act being as follows:

"It shall be illegal for any person or persons in this territory to sell, use or give, drink or dispose of any intoxicating or spirituous liquors on the day of any general or special election in this territory."

This act was entitled, "An Act prohibiting the sale

of spirituous liquors on election day," and plainly included the day of any general or special election. Sec. 4138 first quoted above, was enacted as a portion of chap. 9, laws of 1891, which act was entitled "An Act licensing the sale of intoxicating liquors and regulating the same."

The legislative intent, in connection with the act of 1880, is clearly shown to be a desire to prohibit the sale of intoxicating liquor on the day of any election in the territory, whether such election be general or special. This act has never been repealed, and the legislature has simply reaffirmed its intention to prohibit the sale of intoxicating liquor on election day by the passage of that section of the act of 1891, referred to supra as sec. 4138, C. L. 1897.

Are we to assume that because the word "special" does not appear in the second act that the legislature intended to prohibit the sale of liquor on the day of one territorial election, and to permit the sale on the day of a similar election, simply because it was a special election? On the other hand, was it not within the intention of the legislature, and the very reason for the passage of the laws in question, that on the occasion for the exercise of the highest franchise of a people, the right of suffrage, the public might be protected against the disorder that may result from the unrestrained sale and use of intoxicating liquor; that the polling places, where the public, of necessity gather on such days, might be free of rowdyism and not the resort of intoxicated or disorderly persons; that no person should exercise his high privilege while deprived of his reason, or natural intelligence.

It may be said that these reasons are good and doubtless furnish the object which inspired the legislature in the passage of the acts referred to, but that the legislature has limited the application of the second act by the use of the words "general election," because we have but one general election, viz: the biennial election of November.

The statutes and constitutions of many states have defined one particular election as the general election. This was not done in New Mexico until the adoption of our constitution, though the term, "general election," appears

in a number of our election laws. In our opinion the legislature was not attempting to distinguish between different kinds of elections, or between regular or special elections when it passed the prohibitory law respecting the sale of liquor on the day of any general election. It had in mind such elections as were common to the people of the territory, as distinguished from a local election. It cannot be argued that the reasons pointed out for the existence of the law are any less applicable to an election for delegates to a constitutional convention, than to an election for a congressman or county officer.

While fully appreciating the strict interpretation to which the defendant is entitled in the construction of statutes of this class, we cannot indulge in the violent presumption that the legislature intended to classify elections which, though general in the sense that they might be co-extensive with the boundaries of the state, or territory, yet being special, were not to be subject to the same restriction and safeguards as are thrown about the so-called "general election."

We find no other interpretation of the meaning of the term "general election," as used in sec. 4138, consistent with the intent of the legislature, as we interpret it, and sound public policy, than that a general election, referred to in said section, is one that is held throughout the entire state, or territory. See McKin v. State, 62 Mo. 244-245, and Downs v. State, 78 Mo. 128-131.

The election of September 6, 1910, for delegates to the constitutional convention was held in every county and precinct of the Territory of New Mexico, and was as general as any November election ever will be, or ever has been, and in our opinion, was such an election as comes within the purview of sec. 4138.

In view of our opinion, the judgment of the District Court is reversed, and the cause remanded for further proceedings, and it is so ordered.