STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

Finis HARPER et al. (Grounds Exceptions), Defendants-Appellants.

No. KCD 27491.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Joseph S. Levy, Richard M. Shteamer, Kansas City, for defendants-appellants.

Bruce A. Ring, Chief Counsel, Jefferson City, Earl H. Schrader, Jr., Darold W. Jenkins, Milton D. Skeens, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

This is an appeal by condemnees from a jury trial on the issue of damages in a condemnation proceeding. Landowner appeals the jury verdict of no damages. The judgment must be affirmed. None of the issues raised on the appeal have been properly preserved.

In 1969 the State took 7.35 acres of a 52-acre tract in Cass County for a drainage ditch and outer-roadway connection with U. S. Highway 71. This tract is bordered on the east by Highway 71 and includes 6 acres which are subject to a long term lease with an oil company. The Commissioners assessed damages at $35,000, and both the condemnor and condemnees took exception. At trial the parties stipulated and agreed that 1) condemnees owned 52 acres prior to taking, 2) six of which were leased to Skelly Oil, 3) the actual land taken was 7.35 acres; 5.97 for highway purposes and 1.38 for drainage, 4) the remaining land after taking was 38.65 acres, and 5) the date of taking was July 17, 1969.

Mr. Grounds, the landowner, testified that he purchased the tract for development purposes, although the oil company lease was the only improvement to date, and that the road built by the State had interfered with his development plans. He admitted the necessity of building roads for development of the tract, estimating the cost at $50,000. He stated that he would not have put a road where the State built the new outer road. The owner's expert witnesses estimated the damages at $128,-066.40.

The State produced two expert witnesses who testified the after-taking value exceeded the value prior to the taking. A Mr. Boton testified that the highest and best use prior to taking was 10–15 acre homesites at a value of $800 per acre and that after taking, the highest and best use was smaller homesites at an increased value of $1,250 per acre. Ms. Warren testified that the prior to taking best use was suburban home tracts at a value of $800 per acre, and the after taking best use was light commercial at $1,200 per acre. There was no objection to this testimony.

Landowner first claims in a generalized point that the jury considered evidence of special benefits and that such special benefits are in contravention of Article 1, Section 26 of the Missouri Constitution. He further contends that the allowance of 6% interest on the excess of the Commissioners' award over the verdict as required by Section 523.045 RSMo 1969 offends against the same constitutional provision.

■ These issues have not been preserved for appellate review. Nowhere in the transcript, including the motion for new trial, were either of these points raised. Constitutional questions must be raised at the earliest opportunity and renewed in the motion for new trial. *Oliver v. City of Higginsville*, 527 S.W.2d 690 (Mo.App.1975); *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348 (Mo.1964); *State v. Northup*, 367 S.W.2d 512 (Mo.1963); *City of St. Louis v. Gruss*, 263 S.W.2d 387 (Mo. 1954); *Jacobs v. Leggett*, 295 S.W.2d 825 (Mo. banc 1956); *City of St. Louis v. Butler Co.*, 358 Mo. 1221, 219 S.W.2d 372 (Banc

1949). In any event, on the first point, Section 227.120(13) RSMo 1969 specifically authorizes the consideration of "benefits" and authority of the Supreme Court recognizes the validity of the statute and the propriety of the jury's consideration of evidence of "special benefits." *State ex rel. Farren v. City of St. Louis*, 62 Mo. 244 (1876); *Jackson County v. Waldo*, 85 Mo. 637 (1885); *Dougherty v. Brown*, 91 Mo. 26, 3 S.W. 210 (1887); *State ex rel. State Highway Commission v. Baumhoff*, 230 Mo.App. 1030, 93 S.W.2d 104 (1936); *Thomson v. Kansas City*, 379 S.W.2d 194 (Mo.App.1964), aff'd *Thomson v. Kansas City*, 384 S.W.2d 518 (Mo. banc 1964).

■ On the second issue, the constitutional question posed has been answered authoritatively (*State ex rel. State Highway Commission v. Paul*, 368 S.W.2d 419 (Mo. banc 1963)), and there is no merit in the landowner's claim.

Landowner claims error in Instruction No. 5 because it failed to describe the specific improvement as required by MAI 34.-03.

Instruction No. 5 provided:

"In determining the value of defendants' remaining property, you must not consider any general benefit which is conferred upon all property within the useable range of the *new highway*." (Emphasis supplied.)

Landowner asserts that this confused the jury and allowed them to consider "general" benefits accruing from the outer roadway and drainage ditch since it appears to refer to U. S. Highway 71. The argument appears to be that if the jury understood "new highway" to mean U. S. Highway 71, then there was no withdrawal of "general" benefits accruing from the outer roadway and drainage ditch.

This claim of error has not been preserved for our review.

■ Objections to instructions must be included in the motion for new trial. A general statement of error in the motion for new trial is sufficient if there was specific objection at trial. Otherwise, there must be specific objection in the new trial motion to preserve the error for appellate review. Rules 78.07, 84.13(a); *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317 (Mo. banc 1975). "[I]n order to preserve for appellate review a challenge to an instruction, specific objections must be made either at the time of trial or in the motion for new trial (citing predecessor to Rule 78.-07)." *Moll v. Springdale Park, Inc.*, 395 S.W.2d 126 (Mo.1965). The transcript shows that appellants excepted and objected to instruction No. 5, but no grounds therefor are shown and "we may not assume that the reasons expressed to the trial court were the same as those now urged upon appeal." *Plumlee v. Ramsay Dry Goods Company*, 451 S.W.2d 603, 605 (Mo. App.1970). The error not having been presented to the court below is not preserved.

The State in its brief makes some reference to the possibility that the omission of a claim of error as to Instruction 5 was a "typographical error." This is not claimed by the landowner, and an examination of the motion for new trial does not disclose any claim of error as to *any* instruction which could conceivably afford a basis for the attack now made.

The record has been reviewed in its totality. The evidence, both testimonial and by exhibit, discloses nothing to lend factual support to the landowner's claim that the jury might have understood the phrase "new highway" as referring to U. S. Highway No. 71.

Judgment affirmed.

All concur.