HIGGINS, Adm'r of HIGGINS *vs.* RANSDALL.

13  205
128  141

1. County courts are expressly authorized to hold as many adjourned terms as they deem necessary, and at any time, provided the period fixed for the adjourned session does not overrun the next regular term ; and all business done at such adjourned sessions, is considered as done at one and the same term.

HIGGINS, Adm'r. of HIGGINS vs. RANSDALL.

### ERROR TO PETTIS CIRCUIT COURT.

#### STATEMENT OF THE CASE.

The facts in this case, as they appear from the record, are that the defendant in error caused a notice to be served on the plaintiff in error, that he, Randall, would present to the county court of Pettis county, on the 1st Monday in December, 1848, for allowance against the estate of Abraham Higgins, deceased, a note and an account, setting out a copy of the note and account in the notice. On the 1st Monday in December, upon the notice being filed in the county court, the court continued the cause as to the note until the 1st Monday in February then next ensuing, and proceeded to try and determine the cause as to the account, and allowed the same against the estate. At the regular term of the county court, on the 1st Monday in February, 1849, it being the 5th day of February, the court proceeded to try and determine the cause as to the note, and allowed it against the estate; and on that day adjourned until the next day, the 6th day of February; and on the 6th of February, the court adjourned until the 1st Monday in March; on the first Monday in March, the court adjourned until the first Monday in April, and on the first Monday in April, the plaintiff in error filed an affidavit for an appeal, which was granted him, and the cause sent up to the Pettis circuit court. At the April term of the Pettis circuit court, the defendant in error appeared, and the cause was continued generally until the October term, and at the October term, the defendant in error filed two motions, one to dismiss the appeal as to the account, the other to dismiss the appeal as to the note. These motions were both sustained by the court, and the appeal was dismissed. To this opinion of the court, in sustaining these two motions, the plaintiff in error excepted, and filed his bill of exceptions. The case is brought to this court by writ of error.

### English for plaintiff in error.

1. The within notice required (Rev. Code of 1845, p. 93, sec. 12,) to be served upon an administrator, that a claim will be presented for allowance at the next term of the county court, stands in the place of a summons; its object being to bring the administrator into court, and its service is the commencement of a suit against the administrator in the county court. This notice must not be confounded with that provided for in sect. 5, page 91, of Rev. Code '45.

There are at least four other instances in which a notice is required to be served by our statute, and in which the notice stands unquestionably in the place of a summons, and its service is the commencement of a suit.

These are: 1st. Notice of application to county court for specific execution of a contract for the conveyance of real estate, Rev. Code of '45, p. 88, sec. 38.

2nd. Notice of application for assignment of dower in slave. Rev. Code of '45, p. 433, sec. 18.

3rd. Notice of application for distribution of slaves. Rev. Code of '45, p. 100, sec. 5.

4th. Notice of application for partition of land. Rev. Code of '45, p. 766, sec. 5.

This is expressly called a *suit* for partition in the act of January 25, 1847, (session acts, page 106,) and by this last act a party is permitted to institute the suit by summons.

2. That this notice, as it must also contain (Rev. Code of '45, page 93, sec. 12,) a copy of the instrument of writing or account on which the claim is founded, and its object being to apprise the administrator of the nature of the claim to be presented, stands also in the place of a declaration. In this respect it is analogous to a writ of scire facias which stands as a declaration. Garner vs. Hays, 3 mo. R. 436.

3. As the written notice served on the administrator stands in the place of both a summons and a declaration, no matter how many different causes of action are set forth in the notice,

they all constitute but one suit. The different causes of action may be considered so many several counts, as in the case of a petition in debt. Jones vs. Cox et. al., 7 mo. R. 173.

4. The notice, served in this case, standing in the place of both a summons and a declaration, was then the commencement of a suit, and the note and account set forth in the notice constituted but one suit, it being but one suit for two different causes of action.

5. As there was but one suit, although the county court decided as to the account at the December session of the court, the defendant in that court could not take an appeal; at that time, from the judgment of the court upon the account, as the whole suit was not disposed of, but the suit was still pending in that court. George vs. Craig, 6 Mo. R. 648. State vs. Pepper et. al. 7 Mo. R. 348.

6 The county court having disposed of the account, at the December session, and of the note at the ensuing February term, the suit was not disposed of so that the defendant could appeal, until the February term of the court.

7. The county court possesses the power of adjourning from time to time; of adjourning to the following day, or to a subsequent day, to the next week or to the ensuing month, in continuation of the regular term, (Rev. Code '45, page 336, sec. 47,) and the only limit to their power of adjournment is, that the adjourned session shall not interfere with a subsequent regular term of the court. Rev. Code of '45, page 337, sec. 54.

8. The regular term of the county court having commenced on the first Monday in February and the court having on that day adjourned to the succeeding day, and on that day adjourned to the first Monday in March, and on that day adjourned to the first Monday in April; these successive adjournments were but continuations of the February term of the court.

9. The successive adjournments being but continuations of the February term of the court, the appeal taken on the first Monday in April was well taken, and carried up the whole suit to the circuit court for a trial *de novo*. Rev. Code of '45, p. 106, sec. 2.

10. The trial of the suit as to the account, at the December court, whilst they continued the suit as to the note to the February term, was an error of the county court.

11. Upon the filing of the papers and transcript in the circuit court, that court was possessed of the cause, and should have proceeded to hear, try and determine the whole cause embraced in the notice anew, without regard to any error, defect or other imperfection in the proceedings of the county court. Rev. Code '45, p. 107, sec. 7.

12. The rights of the plaintiff in error are not to be prejudiced in the circuit court, by the error of the county court in deciding part of the suit at the December court, and the other part at the ensuing February term, Scr vs. Bobst, 8 Mo. Rep. 506.

13. Even if the court should hold that there are two suits in the transcript, one upon the account and the other upon the note, and that the appeal taken was not well taken as to the judgment upon the account, yet as the judgment upon the note was rendered at the February term, and the appeal was taken during the continuation of that term; the appeal was taken *prima facie* from the judgment upon the note, and as to that judgment, it was undoubtedly well taken.

14. But, even if the court should believe that the appeal was improperly taken, yet as the defendant in error appeared at the April term of the circuit court, and the cause was continued generally to the October term, the defendant in error thereby admitted that the circuit court had jurisdiction of the cause, and waived any irregularity in taking the appeal; and, having so waived it, could not subsequently avail himself of the irregularity by motion to dismiss the appeal. Cupples et al vs. Hood et al, 1 Mo. R. 497; Beths vs. Logan, 2 do 2; Hembree vs. Campbell, 8 do 572.

NAPTON, J., delivered the opinion of the court.

The only question in this case arises upon the construction of a sec-

tion in the last article of our law of administration which requires all appeals from the county court to be taken "during the term at which the decision complained of is made."

Ransdall obtained a judgment against the appellant upon a note at the February term, 1849, of the county court of Pettis county, and after the judgment was rendered, the court adjourned to the first Monday in March and after meeting on the 5th of March, (which was the first Monday of that month) adjourned again until the first Monday of April, at which last mentioned time an appeal was asked and granted from the judgment rendered in February.

The county courts are by law required to hold four terms each year, and these terms are fixed by law in the months of February, May, August and November. The county courts have the power given them by the statute to alter the times of holding these terms, but it would seem from the record, that no change in this respect has been made in Pettis county.

These courts are also expressly authorized to hold adjourned terms at any time. This power would have been incident to the court without any such special authority. A *special* term is also authorized and the distinction between a special and an adjourned term is sufficiently obvious—the former being called for special purposes and upon the order of one or two of the justices in vacation.

When the county court of Pettis county adjourned sometime in February until the 5th of March, and again upon the last named day, adjourned to some time in April, these successive meetings were but continuations of the February term of the court. When the court was in session in April, the justices were still holding the February term. It was certainly not the April term, as no such term was known to the law and no special term at that time had been called. The court had the power to adjourn for a day, a week, or four weeks, or indeed any length of time, provided the period fixed for the adjourned session did not over-run the next regular term. A term of a court does not imply a session of such court during each consecutive day or week. A hiatus of a week or a month does not divide the term, if it be produced by adjournments. It follows, that as the statute authorized an appeal during the term at which the decision is made, this appeal from a judgment rendered in February, was well taken, at the adjourned session, in the following April.

We do not concur with the views of the plaintiff in error upon the effect of this appeal as to the account. A judgment upon the account.

had been rendered at the November term, 1848, and no appeal was taken from that judgment. The style or form of the notice does not affect the case. The county court, evidently treated the actions or claims as distinct, and gave a judgment accordingly. They might perhaps have acted otherwise; but they had the power to act as they did, and no objections were made to their course of proceeding. The judgment upon the account was acquiesced in, and has no connexion with the judgment from which an appeal was taken.

The judgment of the circuit court is reversed and the cause remanded.