#### IN THE

# SUPREME COURT

#### OF THE

## STATE OF MISSOURI,

### JANUARY TERM, 1854, AT JEFFERSON CITY.

---

THE COUNTY OF COOPER, Respondent, *vs.* GEYER, Appellant.

1. An appeal lies from the order of a county court changing a road, in favor of a party whose land is taken, and in the present case, the county was held to have been properly made a party to the proceeding.
2. Under the 20th section of the first article of the act for opening and repairing roads and highways, approved March 26th, 1845, a county court has no right to turn a road on another's land against his consent. That section is not repealed by the act of January 25th, 1847.
3. In opening new roads, the land of individuals who do not consent, can only be condemned in the mode prescribed by the 7th, 8th, 9th and 10th sections of the act of March 3d, 1851.

### *Appeal from Cooper Circuit Court.*

This was a proceeding in the Cooper county court to change the location of a specified part of a county road leading from Boonville to Pisgah. The proceeding originated in a petition of Gilbert Reeves and others, which specified the part of the road sought to be changed, and the private convenience that would result therefrom, and asked the court to appoint commis-

sioners to review the proposed change. The petition stated that the road, as established, ran through the land of some of the petitioners, in such a way as to prevent them from cultivating the same. The court appointed three commissioners pursuant to the prayer of the petition, and at a subsequent term, they reported in favor of the change, and that all the parties over whose land the proposed road was to pass consented, except Williamson Geyer. At the same term, Geyer presented his remonstrance against the change, and asked the appointment of commissioners. The court appointed three new commissioners, who, at a subsequent term, reported in favor of the utility of the proposed change, both to individuals and the public, but did not assess Geyer's damages, nor report that none would be sustained. The court accordingly made an order establishing the new, without expressly vacating the old road, and at the same adjourned term, Geyer moved the court to vacate these orders, which the court overruled, and he appealed to the Cooper Circuit Court.

In the Circuit Court, Geyer moved to reverse the order of the county court, which motion was overruled. The Circuit Court then directed his counsel to proceed with the cause *de novo*, which they refused to do, stating that they relied upon their motion. Upon motion of the counsel for the county, the orders of the county were then affirmed, and Geyer appealed.

*Leonard* and *Draffin*, for appellant. The county court proceeded under the sixth and subsequent sections of the first article of the road law of 1845, which were repealed by the act of March 3d, 1851. None of the provisions of this latter act for the protection of private property were observed. The repealed and the existing laws were both disregarded, and the road was established through Geyer's farm against his consent and without compensation.

If this proceeding is to be regarded as one to procure a change in a road under the 20th, 21st and 22d sections of the first article of the law of 1845, it cannot be sustained, for in such a proceeding, there is no authority given to the county

court to take a person's land without his consent, even for a compensation.

*Hayden* and *Stephens*, for respondent. 1. No appeal lies from the order of the county court to the Circuit Court. 2. If, however, an appeal lies, then the cause is to be tried *de novo* in the Circuit Court, and when the appellant refused to proceed, the order of the county court was properly affirmed. It was his business to show error in the proceedings in the county court. 3. If the Circuit Court had no jurisdiction to try the case anew, then, as there is no mode pointed out by the statute for preserving the evidence upon which the county court acted, by bill of exceptions or otherwise, this court cannot exercise its appellate jurisdiction.

SCOTT, Judge, delivered the opinion of the court.

1. In the case of *Oberbeck & Shaw* v. *Gallaway*, 10 Mo. Rep. 364, this court held, that no appeal will lie from the order of a county court establishing or changing a road, unless some private right be affected by such order, and that no person can become a party to such proceeding, so as to be entitled to an appeal, unless his private rights are affected thereby.

A general appellate jurisdiction is given by statute, from the county to the Circuit Courts, but there is no provision describing the manner in which this jurisdiction shall be exercised. Cases may arise in which the want of such a provision may cause embarrassment, but as the one under consideration discloses, on the record itself, the irregularities complained of, there is no difficulty in affording the relief sought by this appeal. Doubts have been heretofore entertained in relation to the propriety of making counties parties to the proceeding, instead of the petitioners and remonstrants or objectors, but as the act of the 25th January, 1847, in relation to state roads, in matters of the assessment of damages, contemplates that the county may be a party; and as the act of March 3d, 1851, sec. 10, subjects the county to the payment of costs, where the

objector obtains greater damages from the jury of households than were awarded by the commissioners, we must suppose that the legislature intended that the counties should be parties to proceedings like those in this controversy.    Without determining whether there may not be cases in which it would be improper to make the county a party, we are of opinion that this appeal is properly docketed.

2.  The right to an appeal presented the only question of any difficulty in the case, for, on opening the record, a comedy of errors was apparent.  The source of all the irregularities is the vagueness of the petition, in not stating under what section of the law the parties designed to proceed.   From the language of the petition, one would be led to suppose that it was designed to obtain leave to turn a road, in order that the land through which it ran might be cultivated, under the 20th section of the first article of the act for opening and repairing roads and highways, approved March 26, 1845, for this section is not repealed by the act of 25th January, 1847.   That act, it is obvious from its provisions, relates only to state roads, and it must be construed as affecting the sections of the second article of the act of 1845, and not those of the first article.

If the proceedings of the county court are to be regarded as taken under the 20th section of the first article of the act of 1845, they cannot be sustained, as they lose sight of that section in every particular.   The court, under that section, had no right to turn the road on another's land against his consent.

3.  In opening new roads, the mode of assessing damages for injuries sustained by reason of their running through the land of individuals, is prescribed by the act of March 3d, 1851, secs. 7, 8, 9 and 10.   It is not pretended that any of these provisions have been complied with, in the proceedings now before us.   Indeed, it does not appear that the parties were aware of the existence of that act.

It is shown by the report of the commissioners, that Geyer did not consent that the road should run through his land. This fact appearing, the only way in which his land could be

taken for public use, was by a strict compliance with the terms of the law. It was useless to enter into a controversy, whether he had entered an appearance, or had notice of the proceedings in court, and did not object to them. As his consent was wanting, the only mode by which his land could be condemned for a public road was, to take all the steps required by law, in case of a party not consenting that a road should be opened through his land.

The other judges concurring, the judgment of the Circuit Court will be reversed, and this court, proceeding to enter judgment, reverses the judgment of the county court, ordering the opening of the road.