Snoddy et al. v. County of Pettis.

S. F. SNODDY *et al.*, Defendants in Error, *v.* COUNTY OF PETTIS, Plaintiff in Error.

| 45  | 361 |
|-----|-----|
| 39a | 402 |
| 40a | 98  |

| 45  | 361 |
|-----|-----|
| 114 | 316 |
| 117 | 117 |
| 117 | 147 |

| 45  | 361 |
|-----|-----|
| 130 | 301 |
| 63a | 465 |

| 45  | 361 |
|-----|-----|
| 142 | 505 |

| 45  | 361 |
|-----|-----|
| 154 | 691 |

1. *Courts, County — Appellate jurisdiction — Certiorari, etc.*—When appeals from the judgments or orders of County Courts are not expressly provided for by statute, resort must be had to writs of *certiorari*, etc., to obtain appellate jurisdiction.

2. *Courts, County — Appeals — Orders — Final judgment necessary to secure appeal.*— On an appeal from the order of a County Court to a Circuit Court, there should be a judgment of affirmance or reversal thereon, to entitle parties to further appeal.

3. *County roads, petition for — Signatures of householders, proof concerning— Joint assessments.*—A petition for a new county road need not show on its face that twelve of its signers were householders, although this fact must be proved to the satisfaction of the court before any action can be taken upon the petition. But although this character of the signers does not appear in the records of the court, an order of court establishing the road will raise the presumption that it was proved, unless the contrary appears; and where the damages were assessed in favor of the petitioners, jointly, they will be presumed to have owned the land taken jointly, and not severally.

4. *County roads—Orders for opening, under section 52, p. 1228, Wagn. Stat.— Defects in.*— An order for opening a county road, under section 52 of the act touching roads (Wagn. Stat. 1228), wherein it was adjudged "that the petitioners for said road pay the assessed damages and costs, and that the road be opened," was defective in not specifying the width of the road, in attempting to render judgment for damages against the petitioners, and in making an order for opening the road before the petitioners had paid "the amount of such damages into the county treasury."

## Error to First District Court.

*Philips & Vest*, for plaintiff in error.

The verdict of a jury in the matter of opening roads is final and conclusive as to the matter of damages. No appeal lies therefrom. (Emory S. Foster *et al.* v. Dunklin, 44 Mo. 216.) The jurisdiction of the Circuit Court in such cases is confined solely to an examination of the record, and can reverse only for error apparent thereon. The Legislature have made no provision for an appeal in such case as the one at bar. (*Vide* Gen. Stat. 1865, ch. 136, § 2.) The Legislature have expressly provided for a writ of error, applicable to all the necessities of the case at bar. (Gen. Stat. 1865, ch. 135, § 10.) The judgment of the District Court must be reversed, because the record shows no final judgment of the Circuit Court.

*Lay & Belch*, for defendants in error.

I. In the case at bar, the statute gives the right of appeal. (Gen. Stat. 1865, ch. 136, § 2. *Vide* also 19 Mo. 257.)

II. Under section 49, Sess. Acts 1868, p. 149, the petition must specify the course and *termini*, with not less than two intermediate points on the road, and its direction. It must be signed by at least twelve resident householders of the township or townships through which the road is desired, and three of the twelve shall reside in the immediate neighborhood. These requisites do not appear.

III. The commissioner had no authority to adjudge the petitioners equally interested in the lands.

IV. The court erred in not finding, and entering of record such finding or judgment, that the County Court deemed the road " of sufficient utility." This is essential, not only because it is required by the law (§ 52), but the validity of the law itself rests upon the doctrine of public use or necessity.

V. The court erred in ordering the road to be opened upon the mere statement that the petitioners would pay the damages. (Wagn. Stat. 1228, § 52.)

BLISS, Judge, delivered the opinion of the court.

W. H. Powell and others petitioned the Pettis County Court for a new road, against which Snoddy and others remonstrated, and appealed to the Circuit Court from the order of the County Court establishing the road. Many questions are raised by the record, and the first pertains to the right of such appeal. The Circuit Court has " appellate jurisdiction from the judgments and orders of the County Courts in all cases not expressly prohibited by law." But it does not follow that matters may be taken up in the ordinary form of appeal. When such appeal and the manner of taking it are not expressly provided for by statute, this appellate jurisdiction can not be exercised in that manner, but resort must be had to writs of *certiorari*, etc. ; and in this case, had the point been raised in the Circuit Court, it would have been manifest error had the appeal not been dismissed.

We perhaps should consider no other question, and vacate all proceedings since the appeal, for that reason. But, in deference to the action of this court in Cooper County v. Geyer, 19 Mo. 257, we will treat the record as though regularly brought up, inasmuch as this question was not raised below.

There is a defect in the proceedings of the Circuit Court, that, had the cause originated there, would of itself require us to send it back. There seems to be no final judgment. A motion was made by the appellants to revise the order of the County Court, setting forth the reasons in detail, which motion was overruled, and no other action was had. This is an unusual mode of assigning errors. But, whether correct or not, there should have been a judgment of affirmance or reversal. Upon error to the District Court, this action was treated as a judgment of affirmance, and was reversed for alleged errors in the proceedings of the County Court.

It is claimed that those proceedings were erroneous: First, because the petition does not show that twelve of its signers were householders of the township, etc. The statute is express that it must be signed by that number of householders, etc., three of whom shall be of the immediate neighborhood of the road. But it does not say that they shall be so described in the petition; and if they were so described, it would have been no evidence of the fact. This character of the petitioners must be proved to the satisfaction of the court before any action is taken upon their petition; and it would be well, though it is not essential, for the record to show the finding of the court in this regard. But if the County Court makes an order in relation to the subject-matter of the petition, which it would have no right to make without preliminary proof, we are bound to suppose, unless the contrary appears, that this proof was made. Second, the road commissioner assessed the damages to the three persons who have brought the case up, jointly, when neither the report nor any part of the record shows whether the land or lands, for the occupation of which the damage was assessed, belonged a part to each, or to all jointly, and, if jointly, the proportion of each. A jury trial was had, and the assessment was increased, but still it was

a joint one. No objection was made in the County Court to this form of assessment; but, upon appeal, it was claimed to have been erroneous, and was given, in the opinion of the majority of the district judges, as the principal ground of their decision. It seems to us that we are bound to presume, in this regard, as well as concerning the character of the petitioners, that the action of the court was legal, unless the contrary appears. If the plaintiffs owned the tract of land, over which the road was laid, in common and in equal proportions, the joint assessment was correct, and we can not assume, without evidence, for the sake of finding errors, that they owned it severally.

The third objection to the proceedings is that the order opening the road does not say in terms that the court deemed it " of sufficient utility to justify," etc. This objection should be taken in connection with the fourth, which goes to the substance of the judgment. After reciting the impaneling of the jury and verdict, it concludes as follows: " It is therefore adjudged by the court that the petitioners for said road pay the assessed damages and costs, and that the road be opened." The grave deficiency of this judgment will appear by reference to section 52 of the road act (Wagn. Stat. 1228), which provides that " whenever the County Court shall deem a new county road of sufficient utility to justify the opening of the same, and said County Court is unwilling to pay the damages assessed therefor out of the county treasury, and the petitioners for such road shall first pay the amount of such damage into the county treasury, the court shall then order such road to be opened as herein provided."

The general power to open roads, with or without a petition, is given by section 2 of the act; and that just recited pertains more especially to roads opened at the expense of the petitioners, and under it the court evidently supposed it was acting. The order is defective in not specifying the width of the road, which should be done in all cases. It is also defective in attempting to render judgment against the petitioners for damages, which the court is not authorized to do; and, while looking to them to pay such damages, evidently being unwilling to pay them out of the county treasury, it is defective in making an order for opening the road

before the petitioners had paid "the amount of such damages into the county treasury." The order opens it at the expense of the county, or it does not open it at all; for if the court looks to the petitioners for this expense, it has no right to make the order until its amount is so deposited.

This order of the County Court, being a final one, and so clearly defective, should have been reversed by the Circuit Court, had it been properly brought within its jurisdiction; and there having been no proper judgment, either of affirmance or reversal, in that court, the judgment of the District Court found nothing upon which to operate.

The proceedings, therefore, of both courts are set aside, together with the final order of the County Court, and the matter is remanded to the last-mentioned court for further proceedings. The other judges concur.