Baubie v. Ossman.

---

BAUBIE, *Appellant*, v. OSSMAN *et al.*

Division Two, February 1, 1898.

1. **Condemnation Proceedings:** APPELLATE COURT.   The Supreme Court, in a proceeding involving the legality of a proceeding to condemn land for a public road, is the proper appellate court, since the title to land is involved.

2. ———: JUDGMENT OF COUNTY COURT: COLLATERAL ATTACK.   The judgment of a county court ordering that a certain public road be established, is not open to collateral attack, if it had acquired jurisdiction by proper notice and petition.

3. ———: SUFFICIENCY OF PETITION.   A petition for a public road did not state through whose land the road would pass, but otherwise correctly described its course.   But in the report of the road commissioner he describes the land in contest as that of Major Baubie, and the report of the commissioners to assess damages describes the strip as belonging to "Annie Baubie," the plaintiff herein, who was the wife of Major Baubie.   *Held*, that the petition was sufficient to support a judgment of the county court, ordering the road opened, against a collateral attack by injunction which sought to restrain the road overseers from tearing down plaintiff's fences, etc.

*Appeal from Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED.

*F. B. Ellis* for appellant.

(1) If the petition was presented in 1878, then Mrs. Baubie's rights are to be determined under the

laws of 1877. Acts 1877, pp. 394, 395. The record, from beginning to end in this case, is silent as to how wide the county court laid out this road. This is something the records must show. *Ziebel v. Porter*, 118 Mo. 346; *Leet v. Bank*, 115 Mo. 184; Black's Const. Law, p. 432; *Arnold v. Willis*, 128 Mo. 145. (2) Mrs. Baubie never was a party to any proceedings, consequently the records of the county court was a nullity as far as she is concerned, not only irregular, but void as far as to her. *McBeath v. Traub*, 69 Mo. 642; *Miller v. Keasman*, 84 Mo. 325; Elliott on Roads and Streets, p. 138. (3) It has been held that landowners are only chargeable with notice of the proceedings at the time the overseer comes on the land to work. The statute of limitation begins to run at that time only, as to such as are under disability. *Cunningham v. San Saba County*, 20 S. W. Rep. 941; *Franklin County v. Brooks*, 5 S. W. Rep. 819; *Slacy v. Miller*, 14 Mo. 478; *Moore et al. v. City of Waco*, 20 S. W. Rep. 61. (4) The record in this case failed to show jurisdiction. The county court records must show the presentation of the petition, and that it contains twelve householders in the municipal township through which the proposed road passes, and that three of the petitioners live in the immediate neighborhood of the road. These facts must be stated in the record of the court, in order to give the court jurisdiction. The jurisdiction of the county court must affirmatively appear. *Young v. Railroad*, 96 Mo. 39; *Backenstoe v. Railroad*, 86 Mo. 492; *Whitly v. Platte County*, 73 Mo. 30; *Colvin v. Judy*, 73 Mo. 657.

*Joel Funkhouser* and *Turney & Goodrich* for respondents.

(1) The petition, the notice, the report of the road commissioner, the assessment of damages by the com-

missioners appointed for that purpose, their report and the order establishing the road are all in strict conformity to the requirements of the statute. R. S. 1879, secs. 6935, 6936, 6937, 6938, 6939 (Laws of 1877). (2) None of the objections made by appellant are good in a collateral proceeding. *Lingo v. Buford*, 112 Mo. 149; *Belk v. Hamilton,* 130 Mo. 292, and cases cited. The decisions cited by appellant were made 'in direct proceedings to vacate the roads. *Rose, Guard'n, v. Kansas City et al.*, 128 Mo. 135. (3) The petition and notice gave the court jurisdiction. No different or additional notice is required when the land of a married woman is affected; and the court's judgment establishing the road and ordering it opened is as binding upon married women as upon persons of full age and discretion. This road is not claimed solely by reason of adverse use, nor by dedication of the owner. *Belk v. Hamilton*, 130 Mo. 292; *Dougherty v. Brown,* 91 Mo. 26. (4) But if the proceedings were irregular to the extent claimed by appellant, the road is established by virtue of section 6987, Revised Statutes 1879, and section 7847, Revised Statutes 1889. The proof shows not only that the road was established by an order of the county court and that a plat thereof was made by the county surveyor and filed with the clerk of the county court, but it goes further than is required and shows that the road was worked as well as traveled by the public. R. S. 1879, sec. 6987; R. S. 1889, sec. 7847; *Fairbanks v. Long*, 91 Mo. 628; *Davenport v. City of Hannibal*, 120 Mo. 151.

GANTT, P. J.—I. This is a proceeding by injunction by Mrs. Anna Baubie against the defendants who were road overseers duly appointed and qualified as such for Clinton county, to restrain and enjoin them from tearing down and destroying her fences inclosing cer-

tain lands belonging to her near the city of Cameron. The defense was and is that by the judgment of the county court a strip of said lands had been lawfully condemned to public use, and as overseers they were simply removing obstructions therefrom unlawfully placed thereon by the plaintiff. Mrs. Baubie denied · that her lands had been condemned, challenged the legality of the road, and thus made up an issue. The appeal is taken to this court and must be sustained on the ground that if Mrs. Baubie is right in her contention, it is an attempt to deprive her of the right of possession to her lands without due compensation and therefore a violation of her constitutional right. We can make no distinction between the jurisdiction of this court in condemnation proceedings by a railroad company and a condemnation by the county court for a public highway. In either case the title to the real estate is necessarily involved and is in fact the issue in the case.

II. The facts disclosed by the record are these:

At the February term, 1878, of the county court of Clinton county, a petition was filed for the establishment of a new public road described in the petition as follows: Beginning at the center of the northwest quarter of section 24, in township 57, of range 30, thence in a southwesterly direction, to the south line of the right of way of the Hannibal & Saint Joseph railroad, thence along the line of said right of way in a southwesterly direction to intersect Elm street, in the town of Cameron, in said county, and to be forty feet in width.

The petition is signed by twenty-four householders of Shoal township in said county. Proof of notices that the petition would be presented was made and a copy of the notice was filed with the petition. The notice describes the road as the same is described in

the petition. The county court on the said day ordered A. J. Everly, the road commissioner, "to view and report upon the proposed road according to law at the next May term." The order recites that the petition is signed by more than twelve householders, that said petition was publicly read, and that notice of the application was proved. It describes the road, including the width, as it is described in the petition. On the seventh day of May, 1878, the road commissioner filed his report. After reciting the order of the court made at the February term, he reports that he has surveyed the route for the establishment of the road and finds it practicable and the road of some public utility. He then gives a description of the road as surveyed which agrees with the description in the petition and notice. He does not give the width of the road but says it was surveyed as prayed in the petition of Bell Blatchley and others. He gives the names of the owners of the land through which the road passes and the damages each will sustain by the establishment of the road. He erroneously reports that Major A. T. Baubie is the owner of the land in suit, the land being the property of his wife, the plaintiff in this suit. Attached to the report is a plat of the proposed road made by the county surveyor. By an order of the court this report was laid over "under the law" until the August term, 1878.

On the sixth day of August, 1878, the court appointed Hiram A. McCartney, Wm. P. Harlan and Charles Myers, commissioners to assess the damages sustained by the owners of the land over which the road runs and to report to the next November term of the court. On the ninth day of November, 1878, the commissioners having failed to report, the cause was continued by order of the court to the December session or adjourned term of the court. On the thirty-first day of December, 1878, the commissioners filed their report.

They report among other things that the road passes across a strip of land belonging to *Anna Baubie, the present plaintiff, and they assess her damages at the sum of $110.*

On the fifth day of November, 1879, the court orders that the road be established on the route reported by the road commissioner and that the overseer of the proper road district be notified thereof. In this order the road is described as it is in the road commissioner's report. The order recites that it passes over the land of Anna Baubie, that it appears from the receipts presented that all the damages assessed except the sum of $50 have been paid, and the court believing said public road to be of sufficient public utility to justify the payment of said $50 by the county, orders that that sum be appropriated for that purpose and a warrant drawn, etc.

On the question of the use of the road by the public, six witnesses testified on behalf of the defendants. Five of these had traveled the road in the transaction of their business daily or weekly, three of them for a period of sixteen years, one for a period of fourteen years and one for a period of twelve years. The sixth, one of the defendants, had known the road for ten or twelve years. The road, as established, had been worked to the knowledge of the witnesses by the different road overseers. That the road established by the county court order and the road traveled by the public are identical is established generally by the testimony of all the witnesses introduced by the defendants and specifically by the present county surveyor who was introduced by the plaintiff. The petition, notices, report of the road commissioner, and the report of the commissioners to assess damages were made under the laws of 1877. The order of the county court establishing the road was made after the payment of the dam-

ages assessed and after the Revised Statutes of 1879 were in force.

From this statement it is difficult to understand how the circuit court in this collateral proceeding could have reached a conclusion different from the one it did. There could be no question that Mrs. Baubie owned the land subject to the easement for a public road, and if the road had not been lawfully established or acquired, she was entitled to have the overseer enjoined until the right of way was established. The defendants assumed the burden of showing that the road was lawfully established and that they were not trespassers. The proceedings for the establishment of the road were regular from the petition down to and including the order establishing the road as required by sections 6935, 6936, 6937, 6938 and 6939 (Laws of 1877, p. 395), Revised Statutes 1879. Every jurisdictional fact appears which authorized the county court to condemn a public road over the lands of Mrs. Baubie, and the court found as a fact that due notice of the application had been given and ordered the road viewed and a report to be made. Commissioners were duly appointed and having personally examined the land, assessed Mrs. Baubie's damages at $110. The court found that receipts had been given by the interested parties for all the damages assessed except $50 and ordered a warrant drawn for that balance and directed the road to be opened.

The county court having the exclusive jurisdiction for the laying out and opening public roads and having acquired jurisdiction in this particular case by the notice and petition, its findings and judgment are not open to collateral attack and its judgment is entitled to every presumption in its favor. *Lingo v. Burford,* 112 Mo. 149; *Snoddy v. Pettis Co.,* 45 Mo. 361; *Rose, Guardian v. Kansas City,* 128 Mo. 135.

Something is said about the proceedings having

been commenced under the laws of 1877, but that the final order opening the road was made under the Revised Statutes of 1879, four days after the revision took effect. This is true. The Revised Statutes of 1879, by virtue of section 3168, Revised Statutes 1879, took effect on the first day of November, 1879, and the final order opening the road in question was made November 4, 1879. But the force of this point is not clear when it is noted that the road law of 1877 was not repealed by the revision of 1879, but was continued in full force and effect by section 3161, Revised Statutes 1879, and the provisions of the Road Law of 1877, when carried forward into the revision of 1879, did not operate as an original act but as a continuance of its existence prior to that date. There was no change in the law whereby any right of Mrs. Baubie was or could be injuriously affected.

III. It would seem that the plaintiff challenges the proceedings in the county court because she was a married woman at that time, but the law makes no distinction in a condemnation proceeding between a married woman who is owner of property which it is proposed to condemn and any other proprietor. The same notice is given her as is required to all other owners, no more, no less, and when the court has jurisdiction its judgment is just as binding on her as upon other defendants.

In this case due notice was given, her land was viewed and her damages assessed, and the finding of the court that the damages had all been paid but $50 and directing a warrant for that sum and balance, can not be gainsaid now. *Cranshaw v. Snyder*, 117 Mo. 167; *Lingo v. Burford*, 112 Mo. 149; *Rose v. Kansas City*, 128 Mo. 135.

Finding no error, the judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.